(Reap. Dec. 11033)

WILSON & CO., INC. *v.* UNITED STATES

Entry Nos. 25272; 5112; 330.

(Decided June 22, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement recited in schedule "A," attached to and made a part of this decision, have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the court:

That the appeals for reappraisement listed in Schedule "A" hereto attached and made a part hereof are limited to canned meat products exported from Argentina during the period January 1, 1959 to and including December 31, 1959 and are abandoned as to all other merchandise.

That the issues are similar in all material respects to the issues involved in *International Packers Limited* vs. *United States,* Reap. Dec. 10696 and that the record therein may be incorporated in the records of the appeals enumerated in Schedule "A".

That the involved merchandise was entered or withdrawn from warehouse for consumption after the effective date (February 27, 1958) of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress T.D. 54165).

That the merchandise described on Schedule "B" hereto attached and made a part hereof is identified on the Final List published by the Secretary of the Treasury pursuant to the said Simplification Act, (T.D. 54521).

That the said merchandise was accordingly appraised under Section 402a of the Tariff Act of 1930, as amended.

That on or about the dates of exportation such or similar merchandise was not freely offered for sale for home consumption in Argentina or for export to the United States.

That the appraiser, in computing United States value under Section 402a(e), included as an element of such value an amount paid by the exporter as so-called Argentine retention tax; that the periods of exportation and the appraised and claimed United States values, per dozen tins, net packed, of the merchandise within the respective exportation periods, are as recited in Schedule "B", annexed to and made a part of this stipulation; that the allowance for the so-called Argentine retention tax, and the adjustment for difference in duty resulting from the allowance thereof, represent the difference between the appraised and claimed values in each instance.

That the said Argentine export charge involved in the present appeals was imposed or exacted pursuant to the same Argentine decrees, or other Argentine legal authorities, that were construed by the court in the incorporated case.

That the appeals for reappraisement listed in Schedule "A" are submitted for decision on the incorporated record and this stipulation.

Accepting this stipulation as an agreed statement of facts and on authority of the decision cited therein, I find and hold that United States value, as defined in section 402a(e) of the Tariff Act of 1930, so renumbered by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for determining value of the canned meat exported from Argentina during the period January 1, 1959, through December 31, 1959, described on the invoices of the entries covered by the appeals for reappraisement recited in schedule "A," and that such values per dozen tins, net packed, are the respective values shown as plaintiff's claimed values on schedule "B," attached to and made a part of this decision, for the respective products and sizes of container as described on the invoices and stated in each entry and recited in said schedule "B," during those periods which correspond to the time of exportation of the canned meat covered by the appeals for reappraisement recited in schedule "A."

As to all other merchandise, these appeals for reappraisement are dismissed.

Judgment will be entered accordingly.